UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dianna Stair,

       Plaintiff,

v.

Youth Service Bureau, Inc.,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-2912 ADM/AJB

_____

James C. Snyder, Esq., Snyder Law Office, PA, Roseville, MN, on behalf of Plaintiff.

Susanne J. Fischer, Esq., Moss & Barnett, PA, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

On September 25, 2007, the undersigned United States District Judge heard oral argument on Defendant Youth Service Bureau, Inc.'s ("YSB") Motion to Dismiss [Docket No. 11].  Plaintiff Dianna Stair ("Stair") asserts in her Complaint [Docket No. 1] claims of sex discrimination, hostile work environment, marital discrimination, reprisal in employment, and posting and personnel disclosure violations.  Plaintiff's posting and personnel disclosure claim, the only claim for which this court has original jurisdiction, is dismissed with prejudice.  Plaintiff's remaining claims are remanded to state court.

## II.  BACKGROUND[1]

On October 6, 2006, Stair filed a Charge of Discrimination with the Minnesota Department of Human Rights ("MDHR") alleging sex discrimination.  MDHR Charge [Docket

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

No. 28]. The MDHR declined to take direct action in Stair's case but did issue a right-to-sue letter on April 2, 2007. MDHR Right to Sue Letter [Docket No. 28]. Stair filed her Complaint in Minnesota state court on May 16, 2007. YSB subsequently removed the case to this Court.

Counts I through III of Stair's Complaint allege violations of the Minnesota Human Rights Act ("MHRA"). In Count I of her Complaint, Stair alleges that she was the victim of discrimination based on her sex and marital status in violation of Minn. Stat. § 363A.08. In Count II, Stair alleges that YSB subjected her to a hostile work environment in violation of Minn. Stat. § 363A.08. In Count III, Stair contends that she was the victim of reprisal by YSB in violation of Minn. Stat. § 363A.15. In Count IV, Stair contends that YSB failed to comply with the requirements of Minn. Stat. § 181.932(1)(a), (2) and (5); Minn. Stat. § 181.934; and 42 U.S.C. § 2000e-10 by failing to post notices in the work area notifying employees of their rights under the Minnesota Human Rights Act and Title VII of the Civil Rights Act and by failing to properly maintain her personnel file.

### III.  DISCUSSION

**A.     Federal Claims**

In her Complaint, Stair alleges a violation of federal law in only Count IV. Because Stair alleged a violation of federal law in Count IV of her Complaint, this Court has jurisdiction of that claim. 28 U.S.C. § 1331.

Stair alleges that YSB failed to post notices informing employees of their rights under the MHRA and Title VII in violation of 42 U.S.C. § 2000e-10. "A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. A claimant must first timely file an administrative charge with the EEOC." Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006).

Where, as in this case, the plaintiff first files a charge with a state agency, the plaintiff must file a charge with the EEOC within three hundred days of the alleged unlawful employment practice, or within thirty days after receiving notice that the state agency has terminated the proceedings in the matter. 42 U.S.C. § 2000e-5(e)(1). If the plaintiff fails to file a claim with the EEOC within the time limits specified in section 2000e-5(e)(1), the claim becomes time-barred. Id.

Stair failed to exhaust her administrative remedies because she failed to file a discrimination charge with the EEOC. More than thirty days have passed since Stair received her right-to-sue letter from the MDHR. Accordingly, Stair's Title VII claim is time-barred and thus, dismissed. Alternatively, even if Stair had filed a charge with the EEOC the case would be dismissed because section 2000e-10 does not include a private right of action entitling her to damages.

**B.     State Law Claims**

Having dismissed the only claim for which this Court had original jurisdiction, the question becomes whether this court should retain jurisdiction over Stair's state-law claims.[2] This Court has discretion to decline jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise jurisdiction in a case involving pendent state-law claims, this Court must consider the values of judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only

---

[2] This Court may raise the issue of jurisdiction at any time. See Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 916 (8th Cir. 2001).

state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." When this Court declines to exercise supplemental jurisdiction in a removed case, this Court may remand the case to state court.  See St. John v. Int'l Ass'n of Machinists & Aerospace Workers, 139 F.3d 1214, 1217 (8th Cir. 1998).

Because this Court dismisses the only claim for which it had original jurisdiction at a very early stage in the litigation, the case is remanded to state court.  Given the timing of this court's decision and the fact that Stair's original choice of venue was state court, remanding this case best advances the values of judicial economy, convenience, fairness, and comity.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint  is **GRANTED**;

2. Plaintiff's remaining claims are **REMANDED** to state court; and

3. Defendant's request for attorneys fees is **DENIED**.  No statutory or legal basis for such an award has been presented.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 9, 2007.